UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ALFRED O. FORSBERG,

                                        Plaintiff,

      - against -

ALWAYS CONSULTING, INC.; BRUCE GRIFFITH,
individually and as President and CEO of Always
Consulting, Inc.; MICHAEL YORBA; D.W. LEWIS;      06-CV-13488 (CS)
DAMON FOX; T.A. MARKHAM; PEPPER LEWIS;
JAMES TAYLOR; TRAVIS JORDAN; KENDALL       **MEMORANDUM DECISION**
TINNIN; PAUL CARLISLE; CHARLES ROUP; JIM        **AND ORDER**
FRALEY; JOHN NOLAN; RAY WALSMITH; DARRY    **ADOPTING REPORT**
BURRELL; CHRIS AKE; CHRIS HOLLOWAY; MARK  **AND RECOMMENDATION**
LEVITSKY; GERARD H. PLANTE; TOBY
ENGLEMAN; ALEXANDRA STEWART; JP MORGAN
CHASE BANK; JPMCHASE BANK, Texas; LEXON
INSURANCE COMPANY; FED-EX; OSAGE INDIAN
TRIBE; RUSSELL RANCH; BOY SCOUTS OF
AMERICA,

                                        Defendants.
------------------------------------------------------------------------x

Appearances:

Alfred Forsberg
Yonkers, New York
*Pro Se Plaintiff*

Thomas E. Stagg, Esq.
Jacqueline M. Della Chiesa, Esq.
Simmons, Jannace & Stagg, LLP
Syosset, New York

Robert M. Rosenblith, Esq.
Chestnut Ridge, New York
*Counsel for Defendant*s *JP Morgan Chase Bank and JPMChase Bank*

-1-

Gavin M. Lankford, Esq.
Harris Beach PLLC (Roch)
Pittsford, New York
*Counsel for Defendant Lexon Insurance Company*

Seibel, J.

Before the Court is the September 10, 2008 Report and Recommendation of Magistrate Judge Lisa Margaret Smith ("Report") (Doc. 41), to which Plaintiff filed objections on October 2, 2008 (Doc. 43).

## I.  Background

### A.  Facts

*Pro se* Plaintiff Alfred O. Forsberg commenced this action on November 27, 2006, against a number of Defendants alleging violations of federal and state securities laws and regulations based on purportedly false and misleading statements made to him in connection with his investment in a oil and natural gas drilling venture in Texas and Oklahoma that turned out to be fraudulent.  After Judge Charles L. Brieant's[1] September 26, 2007 Order dismissing a number of Defendants for failure to state a claim, the remaining Defendants in this action are the following:  Always Consulting, Inc., Bruce Griffith, Michael Yorba, D.W. Lewis, T.A. Markham, Charles Roup, Lexon Insurance Company ("Lexon"), and JP Morgan Chase Bank ("Chase").  (Doc. 15.)  The Court adopts the facts as set forth in the Report (Report 2-7), which are taken from Plaintiff's Second Amended Complaint (Doc. 6).

---

[1]  This case was reassigned to me in August 2008.

### B. Pending Motions

#### 1. Dispositive Motions of Lexon and Chase

On June 30, 2008, Defendant Lexon filed a dispositive motion styled as a motion for summary judgment.  (Doc. 29.)  Magistrate Judge Smith, however, treated the Motion as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because discovery has not commenced, and she did not consider any of the extraneous materials submitted by Lexon that would compel the Court to treat the Motion as one for summary judgment (Report 2-3).  *See Lawrence v. Borah, Goldstein, Altschuler, Schwartz & Nahins, P.C.*, No. 04-CV-3066, 2005 U.S. Dist. LEXIS 25893, at *1-2 (S.D.N.Y. Oct. 31, 2005) (treating summary judgment motion as motion to dismiss where no discovery exchanged); *Daniel v. Am. Bd. of Emergency Med.*, 988 F. Supp. 112, 118 n.4 (W.D.N.Y. 1996) (same, where discovery not complete).  In support of its Motion, Lexon argues that it had only minimal involvement in the business transactions about which Plaintiff complains (apparently the provision of surety and/or performance bonds); it never engaged directly or indirectly in the selling or marketing of securities and did not make any fraudulent or misleading statements to Plaintiff; and its minimal involvement is an insufficient basis on which to hold it liable for securities fraud.  (Doc. 33.)

On July 1, 2008, Chase filed a Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and for failure to plead fraud with sufficient particularity pursuant to Federal Rule of Civil Procedure 9(b).  (Doc. 34.)  Chase sets forth similar arguments in support of its Motion, specifically that its involvement in the alleged wrongdoing was minimal – it maintained the bank account that was purportedly used by Always

Consulting, Inc.[2] – and insufficient to support a claim against it. (Doc. 35.) Chase asserts that it is not alleged to have committed any acts, fraudulent or otherwise, in connection with the investments, that there are no private rights of action pursuant to Sections 5 and 17 of the Securities Act, and that Plaintiff failed to plead fraud with particularity as required by Rule 9(b). (*Id.*)

### 2. Plaintiff's Motion for Default Judgment

On April 1, 2008, after a previous unsuccessful attempt[3] and two orders issued by Magistrate Judge Smith explaining the proper procedure (Doc. 17, 23), Plaintiff's Revised Motion for Default Judgment against all eight of the remaining Defendants was accepted for filing (Doc. 28). In support of this Motion, Plaintiff asserts that a process server served the Revised Default Motion on each of the Defendants through the U.S. Postal Service and attaches a letter dated March 10, 2008, from Rickey Odrisco – described by Plaintiff as his "business partner" – who swears that he personally served the Second Amended Complaint on Defendant Griffith who also accepted service on behalf of Always Consulting, Inc., Michael Yorba, D.W. Lewis, T.A. Markham, Charles Roup and other Defendants who have been dismissed from this action. Plaintiff also attaches to his Motion an affidavit of service submitted by a process server indicating that the "new motion for default and cease and desist order and reference to second amended summons and complaint" were served on Defendants Griffith and Always Consulting, Inc. on February 5, 2008. (*Id.*)

---

[2] Always Consulting, Inc. managed the oil and natural gas drilling venture in which Plaintiff invested.

[3] Judge Brieant denied Plaintiff's first Motion for Default Judgment on September 21, 2007, for failure to attach proof of service. (Doc. 13.)

**C. Report**

Magistrate Judge Smith's Report concludes that: (1) Lexon's Motion for Summary Judgment should be granted, (2) Chase's Motion to Dismiss should be granted, (3) Plaintiff's Revised Motion for Default Judgment should be denied, (4) the case should be dismissed with prejudice as against Lexon and Chase, and (5) the case should be dismissed without prejudice as to the six other remaining Defendants. (Doc. 41.)

**1. Dispositive Motions of Lexon and Chase**

Plaintiff asserts claims against Defendants pursuant to Sections 5(a) and 5(c) of the Securities Act of 1933, 15 U.S.C. § 77e; Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and Rule 10b-5, 17 C.F.R. § 240.10b-5. (Doc. 6.) Magistrate Judge Smith found that of those statutes, only Section 10(b) and Rule 10b-5 provide for private rights of action. (Report 12.) Although Section 5 does not provide for a private right of action, claims brought pursuant to Section 5 have been construed as claims arising under Section 12 of the Securities Act of 1933, 15 U.S.C. § 77l, which does provide for a private right of action. (*Id.* 12-13.) Accordingly, Magistrate Judge Smith considered whether Plaintiff stated claims pursuant to Section 12, Section 10(b), and Rule 10b-5. With respect to the Section 12 claim, Magistrate Judge Smith found that Plaintiff failed to state a claim because he does not allege that Lexon or Chase sold or offered for sale a security, which is an essential element of a Section 12 claim. (*Id.* 13-14.) In addition, Plaintiff failed to state a claim for either primary or secondary[4] liability under Section 10(b) and

---

[4] There is no aiding and abetting liability under Section 10(b). *Cent. Bank, N.A. v. First Interstate Bank, N.A.*, 511 U.S. 164, 177 (1994). Moreover, a secondary actor cannot be held liable under Section 10(b) or Rule 10b-5 unless all of the elements of primary liability are

Rule 10b-5 because Plaintiff did not allege all of the necessary elements:  (1) that either Lexon or Chase made a material misrepresentation in connection with the sale of a security: (2) that they had any involvement with Always Consulting, Inc.'s sale of securities to Plaintiff; or (3) that they had a fiduciary relationship with Plaintiff requiring them to disclose any information they may have had regarding Always Consulting, Inc.  Given Plaintiff's failure to state a claim and his prior amendment of the Complaint, Magistrate Judge Smith recommended that this Court dismiss with prejudice Plaintiff's claims against Lexon and Chase.  (Report 14-20.)

### 2.  Plaintiff's Motion for Default Judgment

Plaintiff filed a Motion for Default Judgment against all of the eight remaining Defendants on the basis that they failed to answer, appear or otherwise defend in this action. (Doc. 28.)  Magistrate Judge Smith found that, because Lexon and Chase answered the Second Amended Complaint and moved for dismissal, a default judgment could not be entered against them.  (Report 20.)  In addition, a default judgment could not be entered against Defendants Yorba, Lewis, Markham, or Roup because Plaintiff did not submit evidence that he served them with the Revised Motion for Default Judgment.  (*Id.*)  With respect to the remaining Defendants, Always Consulting, Inc. and Bruce Griffith, Magistrate Judge Smith recommended denial of the Motion because Plaintiff failed to submit evidence of sufficient service of process of the Second Amended Complaint and Revised Motion for Default Judgment in the proper sequence.  (*Id.* 22-23.)  Specifically, Plaintiff did not serve Defendants with a copy of proof of service of the Second Amended Complaint, and it was not clear whether the Revised Motion for Default

---

satisfied.  *Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*, 128 S. Ct. 761, 769 (2008) ("The conduct of a secondary actor must satisfy each of the elements or preconditions for liability.").

Judgment was served before or after the Second Amended Complaint or which documents were actually served on Defendants on February 5, 2008.  (*Id.* 22-25.)

Finally, Magistrate Judge Smith recommended that the action be dismissed without prejudice to refiling against Defendants Always Consulting, Inc., Griffith, Yorba, Lewis, Markham, and Roup because since this action was commenced in November 2006, and despite the significant efforts of Magistrate Judge Smith to explain the proper procedure and to notify Plaintiff of the need to establish proper service, Plaintiff has failed to effectuate proper service of the Second Amended Complaint (*Id.* 25-27).  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also Gustaff v. MT Ultimate Healthcare*, No. 06-CV-5496, 2007 U.S. Dist. LEXIS 52772, at *7-8 (E.D.N.Y. June 20, 2007) (*pro se* plaintiff's failure to effectuate proper service resulted in *sua sponte* dismissal where plaintiff was given repeated warnings and extensions); *Obot v. Citibank S.D., N.A.*, No. 04-CV-784A, 2006 U.S. Dist. LEXIS 75260, at *7-8 (W.D.N.Y. Oct. 17, 2006) (dismissing action *sua sponte* where *pro se* plaintiff failed to effectuate proper service).

## II.  Discussion

### A.  Legal Standards

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific," "written," and submitted "[w]ithin 10 days

after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).  A district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made.  28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").  The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record.  *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).  In addition, "[t]o the extent . . . that the party makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error." *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07-CV-6865, 2008 U.S. Dist. LEXIS 92267, at *2 (S.D.N.Y. Oct. 31, 2008); *accord Evans v. Ericole*, No. 06-CV-3684, 2008 U.S. Dist. LEXIS 91556, at *2-3 (S.D.N.Y. Nov. 10, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff made only general objection); *Harden v. Laclaire*, No. 07-CV-4592, 2008 U.S. Dist. LEXIS 86582, at *1 (S.D.N.Y. Oct. 27, 2008) (same); *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." (internal quotation marks omitted)).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, 05-CV-

6527, 2008 U.S. Dist. LEXIS 74488, at *3-4 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). "Nonetheless, even a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023, 2008 U.S. Dist. LEXIS 55034, at *2-3 (S.D.N.Y. July 21, 2008) (internal quotations marks omitted).

### B. Analysis

#### 1. Timeliness of Objections

As the Report clearly states, Plaintiff had ten days, plus an additional three days pursuant to Federal Rule of Civil Procedure 6(d) from September 10, 2008, the date on which the Report was served on Plaintiff by mail, to file written objections. (Report 27-28.) Accordingly, Plaintiff's objections were required to be filed by September 29, 2008.[5]  Plaintiff did not, however, file his objections to the Report until October 2, 2006. (Doc. 43.) "[A] party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point. This rule also applies to *pro se* litigants as long as adequate notice is provided." *Ferrer v. Woliver*, No. 05-3696, 2008 U.S. App. LEXIS 24018, at *5-6 (2d Cir. Nov. 12, 2008) (internal citation omitted). Such a default, however, may be excused in the interests of justice. *Id.* at *6. Despite the clear notice given in the Report (Report 27-28), Plaintiff's objections are untimely and no reason to excuse the default is apparent. Thus, the Court may

---

[5] Under Federal Rule of Civil Procedure 6(a)(2), weekends and legal holidays are excluded when calculating periods less than eleven days.

review the Report for clear error.[6]

### 2. Objections

Even if in the interests of justice the Court were to excuse the untimeliness of Plaintiff's objections, the general and conclusory nature of Plaintiff's objections would still permit the Court to review the Report for clear error. Plaintiff's objections reiterate – verbatim in many instances – the arguments he set forth in his opposition to the dispositive motions of Lexon and Chase. (*Compare* Doc. 36 *with* Doc. 43.)

In addition, Plaintiff's objections to the Report are general and conclusory. For example, Plaintiff states, "I do not agree with Magistrate Smith's so-called report and recommendation." (Doc. 43.) He does not point to any specific aspect of the Report to which he objects, but rather appears to object to it generally and in its entirety. An objection to a report and recommendation in its entirety does not, however, constitute a specific written objection within the meaning of Rule 72(b). *Healing Power, Inc. v. Ace Cont'l Exps., Ltd.*, No. 07-CV-4175, 2008 U.S. Dist. LEXIS 83021, at *2-3 (E.D.N.Y. Oct. 17, 2008) (finding general objection to report and recommendation not specific enough to constitute Rule 72(b) objection). Given that Plaintiff's objections are general and conclusory and repeat the arguments he advanced in opposition to the dispositive motions, the Court need not engage in a *de novo* review of the Report and may instead review it for clear error. *See Colida v. Nokia Inc.*, No. 07-CV-8056, 2008 U.S. Dist.

---

[6] On October 27, 2008, Plaintiff filed a document that the Court has construed as further objections to the Report. (Doc. 48.) Given that Federal Rule of Civil Procedure 72(b)(2) does not provide for a reply to a party's response to another party's objections, these objections are clearly untimely and could be disregarded. In light of Plaintiff's *pro se* status, the Court has nevertheless considered them, but, they are, like the prior objections, general, conclusory and repetitive of the arguments Plaintiff made in opposition to Chase and Lexon's motions.

LEXIS 75450, at *4-5 (S.D.N.Y. Sept. 26, 2008) (reviewing recommendation for clear error where *pro se* plaintiff's objection was general and conclusory); *Hazen v. Perlman*, No. 05-CV-1262, 2008 U.S. Dist. LEXIS 73708, at *2 (N.D.N.Y Sept. 9, 2008) (reviewing report and recommendation for clear error where *pro se* plaintiff did not specifically object to any particular portion of report); *McLaurin v. Paterson*, No. 07-CV-3482, 2008 U.S. Dist. LEXIS 61540, at *6-7 (S.D.N.Y. Aug. 11, 2008) (reviewing for clear error *pro se* plaintiff's objections which merely repeated arguments already advanced and considered); *Pinkney*, 2008 U.S. Dist. LEXIS 55034, at *2-3 (reviewing report and recommendation for clear error where *pro se* plaintiff's objections reiterated her earlier arguments and were general and conclusory).

The Court discerns from the face of the record no clear error in the Report's recommendations, which appear to be justified in light of the factual allegations and controlling law. Accordingly, the Report is adopted in its entirety as the decision of this Court.

## III.  Conclusion

In accordance with the above, Lexon's Motion for Summary Judgment (Doc. 29) and Chase's Motion to Dismiss (Doc. 34) are granted. Plaintiff's Second Amended Complaint as to these Defendants is dismissed with prejudice. In addition, Plaintiff's Revised Motion for Default Judgment (Doc. 28) is denied. Finally, Plaintiff's Second Amended Complaint is dismissed without prejudice as to the remaining Defendants: Always Consulting, Inc., Bruce Griffith, Michael Yorba, D.W. Lewis, T.A. Markham, and Charles Roup.

The Clerk of the Court is respectfully directed to terminate the pending motions (Doc. 28, 29, 34) and close the case.

**SO ORDERED.**

Dated: December 31, 2008
      White Plains, New York

                                          _____
                                          CATHY SEIBEL, U.S.D.J.